IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARKAL CLARK,<br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK N.A.,<br>    Defendant. | Civil Action File No.<br>1:09-CV-02742-CAP-GGB |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

COMES NOW Wells Fargo Bank, N.A., by special appearance and by and through its undersigned counsel, and shows this Honorable Court that several of Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b) as follows:

### INTRODUCTION

Plaintiff Markal Clark ("Plaintiff") purchased property located at 1370 Koble Mill Lane, Riverdale, Georgia 30296 (the "Subject Property") with the proceeds of a mortgage loan (the "Subject Loan") from Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Plaintiff subsequently ceased making his mortgage payments and the loan fell into default.

Throughout his Complaint, Plaintiff attempts to avoid the consequences of his default by seeking to rescind his loan and raising a variety of claims, including, *inter alia*, breach of fiduciary duty, unjust enrichment, quiet title and violations of federal statutes including: The Home Ownership Equity Protection Act, 15 U.S.C. § 1639, *et seq.*, ("HOEPA"); the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq* ("RESPA"); Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"); the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), and the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* ("RICO").  Each of these claims fails as a matter of law.  As a result, these claims should be dismissed *instanter*.

## STATEMENT OF FACTS

On or about October 19, 2007, Plaintiff purchased the Subject Property with the proceeds of the Subject Loan.[1]  The Warranty Deed evidencing Plaintiff's purchase of the Subject Property is recorded at Deed Book 9282, Page 597, Clayton County, Georgia Records and is attached hereto as Exhibit "A".  To secure

---

[1] Defendant requests that this court take judicial notice of the real estate records attached hereto pursuant to F.R.E. 201.  These documents are recorded legal instruments, which are maintained by the Clayton County Clerk of Superior Court and qualify under the Rule because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  F.R.E. 201. for the convenience of the court copies of the recorded instruments are attached hereto.

-2-

repayment of the Subject Loan, Plaintiff executed a Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), which is recorded at Deed Book 9282, Page 599, Clayton County, Georgia Records and is attached hereto as Exhibit "B." The Security Deed was in the original amount of $204,950.00. (See Exhibit "B", sec. (E)). The "Security Deed, the property described therein, [and] the indebtedness secured thereby" were assigned to Wells Fargo Bank, NA on November 23, 2008. The Assignment ("Assignment") is recorded at Deed Book 9588, Page 675 Clayton County, Georgia Records and is attached hereto as Exhibit "C".

Plaintiff eventually defaulted on the repayment of the Subject Loan. Facing foreclosure, Plaintiff filed the present suit on or about October 2, 2009 seeking an order rescinding his mortgage loan as well as an award of substantial damages.

As will be discussed below, Plaintiff fails to state a valid claim for rescission, and further fails to state a valid claim for damages pursuant to RESPA, HOEPA, TILA and for breach of fiduciary duty, unjust enrichment and quiet title. As a result, these claims should be dismissed.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal of a claim if it fails to "state a claim upon which relief can be

granted." F.R.C.P. 12(b)(6). In reviewing a motion to dismiss, the Court is required to review the complaint in a light most favorable to the Plaintiff and accept all of the Plaintiff's allegations as true. Raney v. Allstate Ins. Co., 370 F.3d 1086, 1087 (11th Cir. 2004).

## ARGUMENT AND CITATION OF AUTHORITY

**I.      Plaintiff Is Not Entitled To Rescind The Subject Loan.**

Plaintiff claims that he is entitled to rescind his mortgage under the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639, ("HOEPA")[2] and the Truth in Lending Act, 15 U.S.C. § 1601, *et. seq.*, ("TILA") as a result of alleged errors committed at the closing of the Subject Loan by Wells Fargo.  Plaintiff is not entitled to rescission under either statute, however, because Plaintiff purchased the Subject Property with the proceeds of his loan.  Under 15 U.S.C. 1635 (E), the rescission statute, the right of rescission does not apply to "a residential mortgage transaction as defined in [15 U.S.C. § 1602(w)]." 15 U.S.C. § 1635.  15 U.S.C. § 1602(w) then defines a residential mortgage transaction as:

> a transaction in which a mortgage, deed or trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling.

---

[2] HOEPA, which is enacted at 15 U.S.C. § 1639 is codified as part of TILA.  As a result, it is being addressed in conjunction with TILA.

-4-

15 U.S.C. § 1602(w).  In the present case, Plaintiff acquired the Subject Property with the proceeds of the Subject Loan.  <u>See</u> Exs. A & B.  Accordingly, the Subject Loan constitutes a residential mortgage transaction under 14 U.S.C. § 1635(w) and Plaintiff has no right to rescind his loan.

Even if Plaintiff had the right to rescind the Subject Loan, which he does not, Plaintiff's claim for rescission would fail as a result of his decision to ignore his own responsibilities under these regulations, namely to make immediate repayment of the sums which were loaned to him.  Neither TILA nor HOEPA provide a "free ride" for borrowers.  While Plaintiff repeatedly claims that he is entitled to rescission and to have the mortgage loan cancelled, rescission of a mortgage loan mandates that the debtor repay the sums paid by the creditor. <u>Mitchell v. Security Inv. Corp. of Palm Beaches</u>, 464 F.Supp. 650 (S.D.Fla.1979) (stating that repayment of loan proceeds is a condition of rescission).  Plaintiff failed to raise a claim for which relief may be granted because he did not plead that he is capable of, willing to, or even able to repay the sums necessary to invoke the right of rescission.  Under the circumstances, it is clear that Plaintiff is in fact unable to repay the amounts owed.  He obtained the loan in October, 2007 and defaulted prior to filing this Lawsuit in October, 2009.  Therefore, it is evident that

Plaintiff lacks the funds required for rescission and, thus, he is not entitled to rescind the loan and his claims under TILA and HOEPA must fail.

**II. Plaintiff Has Failed To State A Claim That Would Entitle Him to Monetary Damages Under HOEPA Because The Applicable Statute Of Limitations Has Passed.**

In addition to his claim for rescission, to which he is not entitled, Plaintiff also seeks damages under HOEPA.[2] This claim is barred by 15 U.S.C. 1640, which applies a one year statute of limitations to any claim for damages under HOEPA. See 15 U.S.C. 1640. Since Plaintiff's HOEPA claims all arise from alleged deficiencies in Wells Fargo's disclosures at the closing of the Subject Loan, the statute of limitations would expire one year from the date of the closing. Thus, Plaintiff's ability to file a claim for damages under HOEPA (or TILA for that matter) terminated on October 19, 2008. Plaintiff, of course, failed to file the instant lawsuit until October 2, 2009, nearly a year later. Since Plaintiff failed to file his claim for damages under HOEPA until after the expiration of the statute of limitations, his claim fails and must be dismissed.

**III. Plaintiff's Claim For Monetary Damages Under RESPA Is Also Barred By The Applicable Statute Of Limitations.**

---

[2] It is not clear whether Plaintiff intended to make a claim for damages under TILA as well. If so, this claim would also be barred by the applicable statute of limitations.

Plaintiff alleged that Defendant violated 12 U.S.C. § 2607 of RESPA by "accept[ing] charges for the rendering of real estate services which were in fact charges for other than services actually performed." (Complaint, ¶66).  While Wells Fargo denies Plaintiff's factual allegations, Plaintiff's claim must fail at the outset because any civil action alleging a violation of Section 2607 of RESPA must be brought within one year of the date of the occurrence of the violation.  See 12 U.S.C.A. § 2614.  It is undisputed that Plaintiff's allegations relate to fees allegedly received by Wells Fargo at the loan closing and that the closing occurred on October 19, 2007.  Therefore, the statute of limitations for a claim under this provision of RESPA expired on October 19, 2008.  Since Plaintiff failed to file his lawsuit until October 2, 2009, his claims under this theory must be dismissed.

**IV. Wells Fargo Had No Fiduciary Duty To Plaintiff And Plaintiff's Claim That Wells Fargo Breached Some Fiduciary Duty Must Fail.**

Plaintiff next claims that Wells Fargo breached its fiduciary duty. (Complaint ¶¶ 86-90).  Yet once again, Plaintiff fails to plead the necessary elements of this claim.  The primary prerequisite for a breach of fiduciary duty claim is that a fiduciary duty existed in the first place.  The Court of Appeals of Georgia has found as a matter of law that no fiduciary duty exists between a mortgagor and a mortgagee.  In Moore v. Bank of Fitzgerald, the mortgagee sued its mortgage lender for, inter alia, breach of fiduciary duty.  225 Ga. App. 122, 483

S.E.2d 135 (1997). Noting that a creditor and debtor had **opposite interests**, the Court found that there was no confidential relationship between a mortgagor and mortgagee. Id. at 126, 483 S.E.2d 139 (emphasis added). Plaintiff has not alleged any special circumstances that would make him an exception to this rule. Since Wells Fargo had no fiduciary duty toward Plaintiff, Wells Fargo could not have breached any such duty, and Plaintiff's claim to the contrary must be dismissed as a matter of law.

## V.     Plaintiff's Unjust Enrichment Claim Fails Because The Parties Had An Enforceable Contract.

Plaintiff also claims that "Defendants" have been unjustly enriched by their actions. (Complaint, ¶¶91-95). This claim fails because Wells Fargo and Plaintiff were parties to a binding legal contract, the promissory note executed by Plaintiff. "[T]he theory of unjust enrichment applies when as a matter of fact there is no legal contract ... but where the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or be compensate for." (Citation and punctuation omitted.) Smith v. McClung, 215 Ga.App. 786, 789(3), 452 S.E.2d 229 (1994). Stated another way, "[t]he theory of unjust enrichment applies where there is no legal contract and where there has been a benefit conferred which would result in

an unjust enrichment unless compensated." <u>Smith Service Oil Company v. Parker</u>, 250 Ga. App. 270, 549 S.E.2d 485 (2001).

Plaintiff's claim for unjust enrichment is fatally flawed because there was a contract, namely the promissory note executed by Plaintiff. (Complaint, ¶41). Accordingly, Plaintiff's claim for unjust enrichment must fail and this claim too must be dismissed.

**VI.   Plaintiff Failed To Plead The Required Elements To State A Claim For Violation Of The Federal RICO Statute.**

Plaintiff's claim under the Federal RICO statute, 18 U.S.C. § 1961 et seq. (the "Rico Act") also fails. To sustain a civil action for relief under the RICO Act, Plaintiff must prove several elements. 18 U.S.C. §§ 1961 and 1962. Relevant to the instant lawsuit are two requirements. Plaintiff must prove (1) an enterprise and a distinct Defendant who participated in the conduct of the enterprise; and (2) Plaintiff must show that Defendants participated in a pattern of racketeering activity. <u>Stiller v. Sumter Bank and Trust Co.</u>, 860 F.Supp. 835, 838-39 (1994), citing <u>United States v. Kopituk</u>, 690 F.2d 1289, 1323 (11th Cir.1982) cert. denied 461 U.S. 928, 103 S.Ct. 2089 (1983).

Plaintiff's Complaint fails to plead the necessary elements to set out a RICO claim. First, Plaintiff fails to allege an enterprise separate and distinct from the Defendant, Wells Fargo. In <u>United States v. Goldin Industries, Inc.</u>, 219 F.3d 1268

-9-

(2000), the 11th Circuit Court of Appeals held conclusively held that "the plain language of the statute requires that the entities be distinct." <u>Id.</u> at 1271. The Goldin Court also noted that every other district had reached the identical conclusion. <u>Id.</u> at 1270. In the instant case, Plaintiff sued only Wells Fargo. He alleges that the enterprise consisted of "Defendants' actions" but failed to identify any other defendants. (Complaint, ¶105). As a result, it is clear that Plaintiff failed to describe an enterprise separate and distinct from Wells Fargo, the alleged wrongdoer. For this reason, Plaintiff has failed to state a valid claim under the RICO Act and this claim must be dismissed.

Plaintiff's RICO Act claim also fails because Plaintiff failed to allege a pattern of racketeering activity. In order to satisfy this requirement, a plaintiff must allege the existence of two or more acts which constitute violations of the criminal statutes enumerated in 18 U.S.C. § 1961. The enumerated list is exclusive. <u>See</u> <u>Harvey v. Harvey</u>, 931 F.Supp. 127, 130 (D. Conn. 1996). Plaintiff failed to allege any conduct by Wells Fargo which could constitute a criminal violation of one of the enumerated statutes. On the contrary, Plaintiff alleges that Wells Fargo committed fraudulent misrepresentation, and that this satisfied the predicate act requirement. (Complaint, ¶105). This is plainly insufficient.

Therefore, Plaintiff had not alleged a pattern of racketeering activity and his RICO Act claim must be dismissed.

## VII. Plaintiff Has Not Stated A Claim To Quiet Title To The Property.

Plaintiff has summarily stated that he is entitled to quiet title to the Subject Property. (Complaint ¶¶ 108-116.5). That is, that he is entitled to an order declaring that he owns the Subject Property free and clear of any other claims including the Subject Loan. The only substantive claim that would entitle Plaintiff to this relief is his claim for rescission of his mortgage loan. As noted above, Plaintiff has no right to rescind his loan. As a result, Plaintiff is not entitled to an order declaring that he owns the Subject Property free and clear, and his claim to quiet title must fail.

Plaintiff's quiet title claim is also deficient because Plaintiff failed to follow the Georgia requirements for a quiet title claim. Georgia statutes O.C.G.A. § 23-3-40 *et seq.* and § 23-3-60, *et seq.* set forth the circumstances in which real estate title may be quieted. Plaintiff neither references either statute nor pleads the basic elements required for a claim under these statutes. Accordingly, Plaintiff has not stated a claim to quiet title to the Subject Property.

## VIII. Plaintiff's Claim For Relief Under The Fair Credit Reporting Act Also Fails.

Finally, Plaintiff's Complaint contains a vague and conclusory allegation that Defendants violated the Fair Credit Reporting Act, 15 U.S. C. § 1681 *et seq.*, ("FCRA"). The sole factual basis for this claim appears to be that Defendants provided information to credit reporting agencies which Plaintiff contends was false. While the FCRA does place some liability upon furnishers of information to credit reporting agencies, a furnisher may only be liable if they submit information that they know to be inaccurate or if the consumer has notified the furnisher that the information is incorrect (and the information submitted is in fact incorrect). 15 U.S.C. 1681s-2(a)(1)(A) and (B).

Plaintiff summarily states that "Defendants"[3] have not complied with the FCRA. Presuming that the term "Defendants" refers to Wells Fargo, Plaintiff's claim fails because Plaintiff failed to adequately describe the allegedly improper information and because he failed to allege either that Wells Fargo knew the information to be incorrect, or that he had notified Wells Fargo that he believed the information to be incorrect. (Complaint ¶¶ 74-78). Thus, Plaintiff fails to plead

---

[3] Plaintiff repeatedly refers to multiple "Defendants" throughout his lawsuit, though he only sued one Defendant, Wells Fargo.

even the minimum elements necessary to raise a claim under the FCRA. As a result, the Court should dismiss Plaintiff's claim in this regard.

## CONCLUSION

Plaintiff's Complaint is merely an attempt to avoid the consequences of his default and to continue occupying the Subject Property without making the monthly mortgage payment. Plaintiff makes claims that have expired, that have no basis in the law or fact, and that simply do not apply to Plaintiff. Plaintiff is governed by the rules of this Court, however, and because he failed to state a valid claim for rescission, for damages pursuant to RESPA, HOEPA, TILA, or for breach of fiduciary duty, unjust enrichment and quiet title, each of these claims should be dismissed with prejudice.

Respectfully submitted this 26th day of October 2009.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

/s/ Natalie C. Suhl

| | |
|---|---|
| Suite 1600, Monarch Plaza | Linda S. Finley |
| 3414 Peachtree Rd. NE | Georgia Bar No. 261515 |
| Atlanta, Georgia 30326 | Dylan W. Howard |
| Ph. 404-577-6000 | Georgia Bar No. 370267 |
| Fax 404-221-6501 | Natalie C. Suhl |
| Email: lfinley@bakerdonelson.com | Georgia Bar No. 774164 |
| Email: dhoward@bakerdonelson.com | *Attorneys for Defendant Wells Fargo* |
| Email: nsuhl@bakerdonelson.com | *Bank, NA* |

## **FONT CERTIFICATION**

The undersigned counsel for Plaintiff hereby certifies that the within and foregoing was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1.

This 26th day of October, 2009.

/s/ Natalie C. Suhl
Natalie C. Suhl
Georgia Bar No. 774164

A NCS 2012119 v2
2780973-000585 10/26/2009

## CERTIFICATE OF SERVICE

This is to certify that on October 26, 2009 the within **Defendant's Brief in Support of Motion to Dismiss** has been served via the CM/ECF Notification System and by U.S. Mail upon:

>Sanjay Patel, Esq.
>3145 Reps Miller Road
>Suite B
>Norcross, Georgia 30071

>**BAKER, DONELSON, BEARMAN,
>CALDWELL & BERKOWITZ, PC**
>
>/s/ Natalie C. Suhl
>Natalie C. Suhl
>Georgia Bar No. 774164
>
>*Attorneys for Defendant Wells Fargo Bank, NA*

Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Ph. 404-577-6000
Fax 404-221-6501
Email:  lfinley@bakerdonelson.com
Email: dhoward@bakerdonelson.com
Email:  nsuhl@bakerdonelson.com